Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA RAMIREZ<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO BANK N.A.,<br><br>Defendant | **Case No.:**  2:17:cv-01743-RSWL-GJS<br><br>**JOINT 26(F) REPORT**<br>**(F.R.C.P. 23 AND L.R. 23-3)**<br><br>Date:        May 9, 2017<br>Time:        10:00 a.m.<br>Judge: Hon. Ronald S.W. Lew |

Pursuant to Rule 26(f) and the Court's Order Setting Scheduling Conference, Plaintiff Christina Ramirez ("Plaintiff") and Defendant, WELLS FARGO BANK N.A. ("Defendant"), hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issues contemplated in Rule 26(f) and the Court's Order.

### a.    Statement of the Case

Plaintiff: Plaintiff is informed and believes, and thereon alleges, that Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt

multiple times within one year preceding the filing of his complaint. Defendant called Plaintiff on her cellular telephone ending in -0128 multiple times in September and October 2016. Plaintiff had advised multiple times for Defendant to stop calling her, and to only contact her by mail, but Defendant failed to stop. Defendant called enough times to be considered harassment and thus causing high levels of stress to Plaintiff. Defendant additionally used an "automatic telephone dialing system" to place the calls and Plaintiff had revoked her consent to be called using such a device such that the calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq.

Defendant's alleged conduct additionally violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. and the Telephone Consumer Protection Act, 47 U.S.C. §227 et. seq. by harassing Plaintiff with telephone calls on a debt not owed.

Defendant:  Defendant denies Plaintiff's allegations and denies any liability to Plaintiff in this matter. Defendant denies that it violated the TCPA or any other law. To date, Defendant has not identified any account at issue or evidence of having called Plaintiff. To the extent that, contrary to Plaintiff's allegations, an account agreement governs the relationship between the parties, Defendant reserves the right to move to compel arbitration of the parties' dispute.

b.    **Subject Matter Jurisdiction**

The Court has original jurisdiction under 28 U.S.C. § 1331 because it involves a federal question arising under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* Defendant objects that Plaintiff lacks Article III standing, and therefore that this Court lacks subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1); 12(h)(3). Specifically, Plaintiff does not have standing to bring a claim because she has not suffered an injury in fact and, therefore, the Court does not have Article III jurisdiction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547.  In *Spokeo*, the Supreme Court held that a "bare statutory violation" does not suffice to confer Article III standing on a plaintiff who has not otherwise suffered a concrete injury as a result of the challenged conduct. *Id*. As such, this lawsuit is subject to dismissal on standing grounds.

### c.   Legal Issues

a. Whether Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA");

b. Whether Defendant used an automatic telephone dialing system ("ATDS") when calling the telephone number at issue;

c. Whether Defendant had Plaintiff's prior express consent to call the telephone number at issue using an ATDS;

d. Whether Plaintiff revoked her consent to receive ATDS calls;

e. The total number of calls "made" within the meaning of the TCPA;

f. Whether Defendant's calls to Plaintiff were made in knowing and/or willful violation of the TCPA, such that the imposition of treble damages is warranted;

g. Whether a consumer debt existed between Plaintiff and Defendant pursuant to 15 U.S.C. § 1692a(5);

h. Whether Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy the person called, Cal Civ. Code § 1788.11(d);

i. Whether Defendant engaged in conduct, the natural consequence of which, is to harass, oppress, or abuse any person in connection with the collection of the alleged debt, 15 U.S.C. § 1692d;

j. Whether Defendant attempted to collect an amount not legally owed, 15 U.S.C. § 1692e(2);

k. Whether Plaintiff suffered a concrete and particularized injury as to confer Article III standing; and

l. Whether this action belongs in arbitration.

**d.    Parties, Evidence, etc.:**

Plaintiff:  Plaintiff identifies herself and Defendant's Person Most Knowledgeable regarding Defendant's practices of placing collection calls to alleged debtors, as well as Defendant's policies and procedures regarding compliance with the FDCPA, RFDCPA, and TCPA.   Key documents include: documentation

regarding the Defendant's policies and practices for placing telephone calls to alleged debtors; any account notes or call recordings for Plaintiff's account with Defendant; and documentation regarding Defendant's compliance with the RFDCPA, and TCPA.

<u>Defendant:</u>   Defendant refers to its initial disclosures in this matter.

### e.   **Damages**

<u>Plaintiff:</u>   Pursuant to Cal. Civ. Code §1788.30, Plaintiff seeks $1,000 in statutory damages, for violation of the RFDCPA.   Pursuant to 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), and $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C). Based on the number of calls, the range of damages should extend up to $12,000 at most.

### f.   **Insurance**

Plaintiff has no relevant insurance. Defendant has no insurance policy or reimbursement or indemnity agreement that in all reasonable possibility would be called upon to respond in whole or in part to the claims in this action.

### g.   **Motions**

Plaintiff is considering amending her claims to add additional claims under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, and the California

Consumer Credit Reporting Agencies Act, Cal. Civ. C. § 1788, arising from credit reporting relating to the account Defendant is allegedly collecting on. Plaintiff does not otherwise anticipate any motions to add claims or parties, amend the pleadings or transfer venue. Defendant anticipates filing a motion for summary judgment after completion of discovery. Additionally, Defendant reserves the right to move to compel arbitration if it discovers that the parties are subject to an account agreement containing an arbitration clause.

**h.    Manual for Complex Litigation**

This matter is not complex.

**i.    Status of Discovery**

Defendant and Plaintiff have not yet initiated Discovery.

**j.    Discovery Plan**

The parties do not believe that discovery should not be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.

Plaintiff:  Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions.  Plaintiff needs discovery on the following subjects: Defendant's policies and practices for placing telephone calls to alleged debtors; documentation regarding Defendant's policies and practices for processing the revocation of consent made by debtors on those calls; the account notes and call logs for Plaintiff's account; and, documentation regarding

Defendant's compliance with the RFDCPA and TCPA. Plaintiff also intends to depose the Defendant's PMK.

Defendant:  Defendant has not to date identified any account at issue or evidence of having called Plaintiff. To the extent that contrary to Plaintiff's allegations, an account agreement governs the relationship between the parties, Defendant reserves the right to move to compel arbitration of the parties' dispute. If no arbitration is sought, Defendant's written discovery will consist of interrogatories requests for production, and requests for admissions. Defendant will seek discovery on the following subjects: Plaintiff's allegations regarding receiving calls from Defendant and the basis for Plaintiff's contention that such calls were made from an ATDS; Plaintiff's contention that she revoked consent to be contacted via an ATDS and that she sent an attorney representation letter to Defendant; Plaintiff's allegations that she suffered damages as a result of any alleged statutory violation by Defendant. Defendant intends to depose Plaintiff, any percipient witnesses identified through written discovery, and any experts disclosed by Plaintiff.

Additionally, Defendant believes that some documents and information sought in discovery may be privileged. Defendant will provide Plaintiff with a proposed Stipulation and Protective Order to govern discovery matters including privilege and the post-production assertion of privilege and will work with

Plaintiff to reach an agreement on the proposed stipulation. The Protective Order will be submitted to the Court for review and approval.

### k.   Discovery Cut-off

The parties propose a non-expert discovery cut-off date of January 19, 2018.

### l.   Expert Discovery

The parties propose January 19, 2018 as the initial expert disclosure deadline, February 2, 2018 as the rebuttal expert disclosure deadline, and March 2, 2018 as the expert discovery cut-off date.

### m.   Dispositive Motions

At this time, Plaintiff does not anticipate filing any dispositive motions but reserves the right to do so if discovery reveals the basis for such a motion. Defendant anticipates filing a motion for summary judgment after completion of discovery.

### n.   Settlement/Alternative Dispute Resolution

Parties are engaged in early discussions of the facts in the case. The parties are further amenable to engaging in private mediation.

### o.   Trial Estimate

Plaintiff estimates a trial of 1-3 days.  Plaintiff requests a jury trial.

### p.   Trial Counsel

Plaintiff will be represented by Todd M. Friedman at trial. Defendant will be represented by Mark D. Lonergan and Courtney C. Wenrick at trial.

### q.    Independent Expert or Master

The parties do not anticipate the need for appointment of an independent expert or master in this matter.

### r.    Other Issues

The parties do not foresee any abnormal issues at this time.

### s.    Magistrate Judge

The Parties do not consent to a magistrate judge presiding over this matter.

Dated: May 2nd, 2017          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: s/Todd M. Friedman
Todd M. Friedman, Esq.
Attorney for Plaintiff

SEVERSON & WERSON

By: s/Courtney C. Wenrick
Courtney C. Wenrick, Esq.

Attorneys for Defendant

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant, and that I have obtained her authorization to affix her electronic signature to this document.


Dated: May 2nd, 2017                    Respectfully submitted,

                                        Law Offices of Todd M. Friedman, P.C.

                                        By: <u>s/ Todd M. Friedman</u>
                                            Todd M. Friedman, Esq.
                                            Attorney for Plaintiff